IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| GADSDEN INDUSTRIAL PARK, LLC, | ] |
| Plaintiff, | ] |
| v. | ] CASE NO.: 4:14-CV-39-KOB |
| CMC, INC. and HARSCO CORPORATION, | ] |
| Defendants. | ] |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the Defendants' "Bill of Costs" and the Plaintiff's objections. (Docs. 154, 156). Because the court lacks the statutory authority to tax the costs objected to by the Plaintiff, the court **SUSTAINS** its objections.

**I.     BACKGROUND**

The court need not recount the protracted history of this litigation. A summary will suffice.

On January 8, 2014, the Plaintiff sued the Defendants, alleging claims for tortious conversion of private property and negligence. The Defendants moved to dismiss the complaint, and the court granted the United States' motion but denied CMC and Harsco's motion. The remaining Defendants then moved for summary judgment, which the court denied. Finally, the case proceeded to trial, where the Plaintiff only pursued its conversion claim. At the close of the Plaintiff's case, the court granted the Defendants' motion for judgment as a matter of law on the remaining conversion claim.

When the court entered judgment, it taxed costs against the Plaintiff and for the

1

Defendants. *See* (Doc. 153). The Defendants filed a bill of costs for $26,797.90. *See* (Doc. 156). The Plaintiff filed objections to $12,772.34 of those costs, claiming that the costs were not properly taxable under 28 U.S.C. § 1920(4). *See* (Doc. 158).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) permits a court to tax costs other than attorney's fees for a prevailing party. A court's ability to tax costs is limited to the power Congress confers via statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 483 U.S. 437, 445 (1987). Title 28 U.S.C. § 1920(4) grants a judge or clerk of court the power to tax costs "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

An "exemplification" is narrowly defined as "an official transcript of a public record, authenticated as a true copy for use as evidence." *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001) (internal quotes omitted).

What precisely qualifies as a cost "of making copies of any materials" is less clear. Prior to 2008, § 1920(4) permitted taxing costs for "copies of *papers*." The Eleventh Circuit drew a sharp distinction: costs for copies of paper-like materials were taxable and costs for copying materials that were not analogous to paper were not. *See Arcadian Fertilizer*, 249 F.3d at 1296–98 ("Until Congress sees fit to amend the language of § 1920 to include the innovative technologies used in the production of demonstrative exhibits, computer animations and videotape exhibits are not taxable because there is no statutory authority.").

However, the Eleventh Circuit has not decided whether *Arcadian Fertilizer* was abrogated by the 2008 amendment to the statute changing the language from "papers" to "any materials." District courts considering the question have reached opposite conclusions. *Compare Akanthos*

*Capital v. Compucredit Holdings*, 2 F. Supp. 3d 1306, 1309–12 (N.D. Ga. 2014) (J. Batten) (finding that the 2008 amendment did not render costs for graphics and technology consulting services taxable) *with Carroll v. Tavern Corp.*, No. 1:08‒cv‒2514‒TWT, 2011 WL 6337649 (N.D. Ga. Dec. 16, 2011) (J. Thrash) (taxing the cost of production of a videotape).

Without specific guidance from the Eleventh Circuit, the court considers the general interpretive principles of the statute. The Supreme Court has stated that "[t]axable costs are limited to relatively minor, incidental expenses . . ." *Taniguchi v. Kan Pacific Saipan*, 132 S. Ct. 1997, 2006 (2012) ("Our decision is in keeping with the narrow scope of taxable costs.").

Given these presumptions, the court is persuaded by Judge Batten's reasoning in *Akanthos Capital*: "Without persuasive guidance, and mindful of the general preference for narrow construction of the statute, the Court is unwilling to break new ground without new direction from the Eleventh Circuit." 2 F. Supp.3d at 1312. As Judge Batten notes, even if the particular holding of *Arcadian Fertilizer* has been abrogated by the 2008 amendment, the case still evidences the Eleventh Circuit's "general preference for narrow construction of the section." *Id.*

What remains of *Arcadian Fertilizer* after the 2008 amendment? The amendment did not affect the Eleventh Circuit's exposition of "exemplification." The amendments did not alter the language concerning exemplification. Therefore, the Eleventh Circuit's narrow definition of exemplification as "an official transcript of a public record" remains good law and binding precedent. *See Arcadian Fertilizer*, 249 F.3d at 1297 (internal quotes omitted).

However, the distinction between copies of paper and non-paper materials drawn by the Court does not apply to the amended statute. The statute now gives courts the authority to tax costs for copies of materials other than paper needed for use in the case. Therefore, a cost for copying a non-paper material is not categorically excluded from being taxable as it would have been

3

previously under the interpretation of *Arcadian Fertilizer*.

The statute imposes two other requirements for the cost of a copy to be taxable. First, and self-evidentially, it must be a copy. No statutory authority exists for the recovery of costs associated with the production of original material. Second, the statute requires the cost of the copies be "necessarily obtained for use in the case."

## III. DISCUSSION

The Plaintiff challenges $12,772.34 of the costs listed by the Defendants but does not object to $14,075.56 of the costs. Specifically, the Plaintiff challenges the Defendants' costs for Pro Hac Vice fees, an interactive map trial exhibit, and site photography. Both parties relied on the map and site photography at trial, and it was a helpful aid to the jury. However, to be taxable, the statute must support taxing the expense.

### A. Pro Hac Vice Fees

In the Defendants' Bill of Costs, they seek reimbursement for $150.00 for the *pro hac vice* admission fees of three lawyers. The Defendants now concede that such fees are not taxable. *See* (Doc. 158 at 1). Therefore, the court **SUSTAINS** the Plaintiff's objection to taxing the *pro hac vice* admission fees as a cost.

### B. Interactive Map Created by FTI Consulting

The Defendants seek reimbursement for $11,195.84 for "an Interactive Map created by FTI Consulting used at trial as Defendants' exhibit 72." (Doc. 154-2 at 2–3). Although a paper copy is not required for a cost to be taxable, a *copy* is still required. Instead, the Defendants seeks reimbursement for the *creation* an interactive exhibit, which can hardly be said to be a "relatively minor, incidental" cost. *See Taniguchi v. Kan Pacific Saipan*, 132 S. Ct. 1997, 2006 (2012). But such an exhibit is not a "copy" within the plain meaning of § 1920(4). Neither is the map an

exemplification, as the Eleventh Circuit has defined an exemplification as "an official transcript of a public record." *Arcadian Fertilizer*, 249 F.3d at 1297 (internal quotes omitted). Therefore, the court **SUSTAINS** the Plaintiff's objection to this cost because the map does not fall under § 1920(4) as either a copy or exemplification.

### C. Airplane Rental and Videography for Aerial Views of Site

The Defendants also seek $891.00 in reimbursement for an airplane rental and photographer's fee to capture aerial views of the site. This cost is not taxable because no statutory authority empowers the court to award such costs. The $891.00 represents the cost of *producing* photographs, not the cost of creating *copies*.

To support taxing this cost, the Defendants cite to *Carroll v. Tavern Corp.*, No. 1:08-CV-2514-TWT, 2011 WL 6337649, at *7 (N.D. Ga. Dec. 16, 2011). In *Carroll*, the court allowed taxing the costs of producing photographs and videotapes. However, the court cited no Eleventh Circuit authority to support its position. Rather, the *Carroll* court relied on a Seventh Circuit case holding that such costs were taxable under § 1920(4). However, the Eleventh Circuit has explicitly adopted a narrower interpretation than the Seventh Circuit of what constitutes an "exemplification." *See Arcadian Fertilizer*, 249 F.3d at 1297 (rejecting "the broader and common connotation that includes a showing or illustrating by example") (internal quotations omitted). Under the Seventh Circuit's broader reasoning, photographs and videography would be exemplifications and taxable. However, the photographs are not exemplifications under the Eleventh Circuit's narrower approach. Therefore, the court finds *Carroll* unpersuasive and **SUSTAINS** the Plaintiff's objection.

### D. Freedom Court Reporting Site Inspection

The Defendants also seek reimbursement for a $535.00 cost for "Freedom Court Reporting,

Inc. - Site Inspection." (Doc. 154-4 at 2). As best the court can tell, this cost is for videography conducted at the site. (Doc. 154-5 at 8). This cost is not taxable for the same reason as the costs for the aerial photography. The cost is for the creation–not the copying–of a material. Therefore, the court **SUSTAINS** the Plaintiff's objection.

IV. **CONCLUSION**

The court **SUSTAINS** the Plaintiff's objections to the Defendants' Bill of Costs and **DIRECTS** the Clerk to tax $14,075.56 in costs against the Plaintiff and for the Defendants.

**DONE** and **ORDERED** this 13th day of July, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE